Jon A. Birmingham (CA SBN 271034)
FITCH, EVEN, TABIN & FLANNERY LLP
21700 Oxnard Street, Suite 1740
Los Angeles, California 91367
Telephone:  (818) 715-7025
Facsimile:  (818) 715-7033
Email: jbirmi@fitcheven.com

*Attorney for Plaintiff*
LIMESTONE MEMORY SYSTEMS LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIMESTONE MEMORY SYSTEMS LLC, a California Limited Liability Company, <br><br>     Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY, INC., a Delaware Corporation, DELL INC., a Delaware Corporation, HEWLETT-PACKARD COMPANY, a Delaware Corporation, LENOVO (UNITED STATES) INC., a Delaware Corporation, KINGSTON TECHNOLOGY CO., a Delaware Corporation, OCZ STORAGE SOLUTIONS, INC., a California Corporation, PNY TECHNOLOGIES, INC., a Delaware Corporation, TRANSCEND INFORMATION, INC. (California), a California Corporation, ACER AMERICA CORPORATION, a California Corporation, <br><br>     Defendants. | Case No.: <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, Limestone Memory Systems LLC ("LMS"), complains against Defendants Micron Technology, Inc., Dell Inc., Hewlett-Packard Company, Lenovo (United States) Inc., Kingston Technology Co., OCZ Storage Solutions, Inc., PNY Technologies, Inc., Transcend Information, Inc. (California), and Acer America Corporation (collectively, "Defendants") for patent infringement pursuant to this Court's subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a), as follows:

### THE PARTIES

1.     Plaintiff LMS is a corporation organized and existing under the laws of the State of California with its principle place of business at 520 Newport Center Drive, 12th Floor, Newport Beach, California.   LMS is in the business of licensing patented technology.   LMS is the assignee of U.S. Patent Nos. 5,805,504 ("the '504 patent"), 5,894,441("the '441 patent") and 5,943,260 ("the '260 patent").

2.     Defendant Micron Technology, Inc. ("Micron") is a corporation incorporated under the laws of Delaware with its principal place of business at 8000 South Federal Way, Boise, ID.  Micron is registered to do business in California and has a designated registered agent in California for purposes of service of process. Micron conducts business in and is doing business in California and in this District and elsewhere in the United States, including, without limitation, using, promoting, offering to sell, importing and/or selling memory devices and/or devices that incorporate memory devices that embody the patented technology, and enabling end-user purchasers to use such devices in this District. Micron is subject to the subpoena power of this Court within the State of California.

3.     Defendant Dell Inc. ("Dell") is a corporation incorporated under the laws of Delaware with its principal place of business at 1 Dell Way, Round Rock, Texas.  Dell conducts business in and is doing business in California and in this District and elsewhere in the United States, including, without limitation, using, promoting, offering to sell, importing and/or selling devices that incorporate memory devices that embody the

1  patented technology, and enabling end-user purchasers to use such devices in this District.
2  Dell is subject to the subpoena power of this Court within the State of California.

3  　　　　4.　　Defendant Hewlett-Packard Company ("HP") is a corporation incorporated
4  under the laws of Delaware with its principal place of business at 3000 Hanover Street,
5  Palo Alto, California.  HP is registered to do business in California and has a designated
6  registered agent in California for purposes of service of process.  HP conducts business in
7  and is doing business in California and in this District and elsewhere in the United States,
8  including, without limitation, using, promoting, offering to sell, importing and/or selling
9  devices that incorporate memory devices that embody the patented technology, and
10 enabling end-user purchasers to use such devices in this District.  HP is subject to the
11 subpoena power of this Court within the State of California.

12 　　　　5.　　Defendant Lenovo (United States) Inc. ("Lenovo") is a corporation
13 incorporated under the laws of Delaware with its principal place of business at 1009
14 Think Place, Morrisville, North Carolina.  Lenovo is registered to do business in
15 California and has a designated registered agent in California for purposes of service of
16 process.  Lenovo conducts business in and is doing business in California and in this
17 District and elsewhere in the United States, including, without limitation, using,
18 promoting, offering to sell, importing and/or selling devices that incorporate memory
19 devices that embody the patented technology, and enabling end-user purchasers to use
20 such devices in this District.  Lenovo is subject to the subpoena power of this Court within
21 the State of California.

22 　　　　6.　　Kingston Technology Co. ("Kingston") is a corporation incorporated under
23 the laws of Delaware with its principal place of business at 17600 Newhope Street,
24 Fountain Valley, CA.  Kingston conducts business in and is doing business in California
25 and in this District and elsewhere in the United States, including, without limitation,
26 using, promoting, offering to sell, importing and/or selling devices that incorporate
27 memory devices that embody the patented technology, and enabling end-user purchasers

28

1  to use such devices in this District.  Kingston is subject to the subpoena power of this
2  Court within the State of California.

3          7.      OCZ Storage Solutions, Inc. ("OCZ") is a corporation incorporated under the
4  laws of California with its principal place of business at 6373 San Ignacio Ave., San Jose,
5  CA.  OCZ is registered to do business in California and has a designated registered agent
6  in California for purposes of service of process.  OCZ conducts business in and is doing
7  business in California and in this District and elsewhere in the United States, including,
8  without limitation, using, promoting, offering to sell, importing and/or selling devices that
9  incorporate memory devices that embody the patented technology, and enabling end-user
10 purchasers to use such devices in this District.  OCZ is subject to the subpoena power of
11 this Court within the State of California.

12         8.      PNY Technologies, Inc. ("PNY") is a corporation incorporated under the
13 laws of Delaware with its principal place of business at 100 Jefferson Road, Parsippany,
14 NJ.  PNY conducts business in and is doing business in California and in this District and
15 elsewhere in the United States, including, without limitation, using, promoting, offering to
16 sell, importing and/or selling devices that incorporate memory devices that embody the
17 patented technology, and enabling end-user purchasers to use such devices in this District.
18 PNY is subject to the subpoena power of this Court within the State of California.

19         9.      Transcend Information, Inc. (California) ("Transcend") is a corporation
20 incorporated under the laws of California with its principal place of business at 1645
21 North Brian Street, Orange, CA.  Transcend conducts business in and is doing business in
22 California and in this District and elsewhere in the United States, including, without
23 limitation, using, promoting, offering to sell, importing and/or selling devices that
24 incorporate memory devices that embody the patented technology, and enabling end-user
25 purchasers to use such devices in this District.  Transcend is subject to the subpoena
26 power of this Court within the State of California.

27
28

LIMESTONE MEMORY SYSTEMS LLC v. MICRON ET AL.
COMPLAINT FOR PATENT INFRINGEMENT

10.     Acer America Corporation ("Acer") is a corporation incorporated under the laws of California with its principal place of business at 333 West San Carlos Street, Suite 1500, San Jose CA.  Acer is registered to do business in California and has a designated registered agent in California for purposes of service of process.  Acer conducts business in and is doing business in California and in this District and elsewhere in the United States, including, without limitation, using, promoting, offering to sell, importing and/or selling devices that incorporate memory devices that embody the patented technology, and enabling end-user purchasers to use such devices in this District.  Acer is subject to the subpoena power of this Court within the State of California.

## JURISDICTION AND VENUE

11.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.     On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the California Long Arm Statute (CCP §410.10), due at least to their substantial business conducted in this forum, including (i) having solicited business in the State of California, transacted business within the State of California and attempted to derive financial benefit from residents of the State of California, including benefits directly related to the instant patent infringement causes of action set forth herein; (ii) having placed their products and services into the stream of commerce throughout the United States and having been actively engaged in transacting business in California and in this District; and (iii) either alone or in conjunction with others, having committed acts of infringement within California and in this District.

13.     On information and belief, Defendant Micron maintains systematic, continuous and ongoing business operations within the State of California and this

District, through which it uses, promotes, offers to sell, sells, and/or imports memory devices and/or devices that incorporate memory devices that embody the patented technology. Micron's California facilities include offices in Sacramento, Sunnyvale, Milpitas and San Diego. Upon information and belief, Micron provides product design and support services to various customers in this District, including one or more of the other Defendants named in this lawsuit.

14. On information and belief, Defendant Dell maintains systematic, continuous and ongoing business operations within the State of California and this District, through which it uses, promotes, offers to sell, and sells devices that incorporate memory devices that embody the patented technology. Dell's facilities include offices in Aliso Viejo, California, in this District. Further, on information and belief, Dell provides product technical support and sells devices to retailers and/or end users in this District.

15. On information and belief, Defendant HP maintains systematic, continuous and ongoing business operations within the State of California and this District, through which it uses, promotes, offers to sell, and sells devices that incorporate memory devices that embody the patented technology. In addition to its Palo Alto, California headquarters, HP's facilities include offices in Anaheim, California, in this District. Further, on information and belief, HP provides product technical support and sells devices to retailers and/or end users in this District.

16. On information and belief, Defendant Lenovo maintains systematic, continuous and ongoing business operations within the State of California and this District, through which it uses, promotes, offers to sell, and sells devices that incorporate memory devices that embody the patented technology. Lenovo's California facilities include offices in San Francisco and San Jose. Further, on information and belief, Lenovo provides product technical support and sells devices to retailers and/or end users in this District.

17.     On information and belief, Defendant Kingston maintains systematic, continuous and ongoing business operations within the State of California and this District, through which it uses, promotes, offers to sell, and sells devices that incorporate memory devices that embody the patented technology.  Kingston's headquarters are in Fountain View, CA, which is in this District.  Further, on information and belief, Kingston provides product technical support and sells devices to retailers and/or end users in this District.

18.     On information and belief, Defendant OCZ maintains systematic, continuous and ongoing business operations within the State of California and this District, through which it uses, promotes, offers to sell, and sells devices that incorporate memory devices that embody the patented technology.  OCZ's facilities include corporate offices in San Jose, California.  Further, on information and belief, OCZ provides product technical support and sells devices to retailers and/or end users in this District.

19.     On information and belief, Defendant PNY maintains systematic, continuous and ongoing business operations within the State of California and this District, through which it uses, promotes, offers to sell, and sells devices that incorporate memory devices that embody the patented technology.  PNY's facilities include offices in San Jose, California.  Further, on information and belief, PNY provides product technical support and sells devices to retailers and/or end users in this District.

20.     On information and belief, Defendant Transcend maintains systematic, continuous and ongoing business operations within the State of California and this District, through which it uses, promotes, offers to sell, and sells devices that incorporate memory devices that embody the patented technology.  Transcend's facilities include offices in Orange, California. Further, on information and belief, Transcenic provides product technical support and sells devices to retailers and/or end users in this District.

21.     On information and belief, Defendant Acer maintains systematic, continuous and ongoing business operations within the State of California and this District, through

1  which it uses, promotes, offers to sell, and sells devices that incorporate memory devices

2  that embody the patented technology.  Acer's facilities include offices in San Jose,

3  California.  Further, on information and belief, Acer provides product technical support

4  and sells devices to retailers and/or end users in this District.

5        22.  Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and

6  1400(b) because each Defendant is subject to personal jurisdiction in this District, resides

7  in, has regularly conducted business in this District and/or has committed acts of patent

8  infringement in this District.

9        <u>FIRST CAUSE OF ACTION – INFRINGEMENT OF '504 PATENT</u>

10        23.  Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs

11  1 to 22, as if fully set forth herein.

12        24.  On September 8, 1998, U.S. Patent No. 5,805,504 ("the '504 patent"),

13  entitled "Synchronous Semiconductor Memory Having A Burst Transfer Mode With A

14  Plurality Of Subarrays Accessible In Parallel Via An Input Buffer," a copy of which is

15  attached hereto as Exhibit A, was duly and legally issued to the inventor, Mamoru Fujita.

16  The '504 patent issued from U.S. patent application Serial Number 08/758,367, filed

17  November 29, 1996.  The inventor assigned all right, title, and interest in the '504 patent

18  to NEC Corporation (hereinafter "NEC").  NEC's right, title, and interest in the '504

19  patent was subsequently assigned to NEC Electronics Corporation, which further assigned

20  such right, title, and interest to Renesas Electronics Corp (hereinafter "Renesas").  Most

21  recently, Renesas assigned all right, title, and interest in the '504 patent to Acacia

22  Research Group LLC ("ARG").  The assignment to ARG was made subject only to

23  certain prior non-exclusive license agreements and a limited non-exclusive and non-

24  transferable limited license to Renesas.  Neither the prior licensees nor Renesas possesses

25  any right to sue for or collect past, present and future damages or to seek and obtain

26  injunctive or any other relief for infringement of the '504 patent.

27

28

25.     Renesas further granted ARG the right to assign its rights to a designated affiliate of ARG.  Prior to the commencement of this action, ARG assigned all right, title, and interest in the '504 patent to LMS, its wholly owned designated affiliate, including all of ARG's rights, obligations, interests and liabilities under the assignment agreement with Renesas.  LMS assumed all such rights, obligations, interests and liabilities of ARG under such assignment agreement.  LMS thus possesses the right to sue for or collect past, present and future damages or to seek and obtain injunctive or any other relief for infringement of the '504 patent.

26.     Defendant Micron, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '504 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing memory devices that embody the inventions claimed in the '504 patent, within the United States and within this District.  Defendant Micron has been and is engaged in one or more of these direct infringing activities related to memory devices that incorporate DRAM technology, including at least its DDR2, DDR3, and DDR4 chips (hereinafter the "Micron DRAM Chips").

27.     Defendant Micron, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement of the '504 patent by the other Defendants pursuant to 35 U.S.C. § 271(c) at least by one or more of providing, importing, offering for sale and selling its Micron DRAM Chips as a material component of devices covered by the '504 patent and for use by the other Defendants in making, using, selling, offering for sale and/or importing devices covered by the '504 patent.  The Micron DRAM Chips are not staple articles or commodities of commerce suitable for substantial non-infringing use.

28.     The service of this Complaint will provide Micron with actual notice of the '504 patent and of Plaintiff's infringement allegations, including knowledge that its

Micron DRAM Chips are especially made or especially adapted for use in infringing the '504 patent.

29.     Defendant Micron's direct and contributory infringement of the '504 patent has injured LMS.  LMS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

30.     Unless it ceases its infringing activities, Micron will continue to injure LMS by directly infringing and by contributing to the infringement by others of the '504 patent.

31.     On information and belief, Micron will continue infringing, notwithstanding its actual knowledge of the '504 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '504 patent. Defendant Micron's future acts of infringement will constitute continuing willful infringement of the '504 patent.

32.     Defendant Dell, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '504 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating memory devices that embody the invention claimed in the '504 patent, within the United States and within this District.  Dell has been and is engaged in one or more of these direct infringing activities related to its manufacture, distribution, support, and sales of devices such as servers, personal computers and laptop computers that incorporate Micron DRAM Chips.  These infringing devices include, for example and without limitation, Dell's XPS13 and Alienware 17 laptops; Dell Precision T3610, Dell Precision T3610, Dell Precision Tower 7810, Dell Precision T7610, Dell Precision Rack 7910, Dell Precision Rack 7810, Dell Precision Tower 5810, Dell Precision T5610 workstations; PowerEdge M620, PowerEdge M820 blade servers; and PowerEdge R620, PowerEdge R720, PowerEdge R820 rack servers.

33.     The service of this Complaint will provide Dell with actual notice of the '504 patent and of Plaintiff's infringement allegations herein.

34.   Dell's direct infringement of the '504 patent has injured LMS.  LMS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

35.   Unless it ceases its infringing activities, Defendant Dell will continue to injure LMS by directly infringing the '504 patent.

36.   On information and belief, Defendant Dell will continue its infringement notwithstanding its actual knowledge of the '504 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '504 patent.  As such, Dell's future acts of infringement will constitute continuing willful infringement of the '504 patent.

37.   Defendant HP, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '504 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating memory devices that embody the invention claimed in the '504 patent, within the United States and within this District.  HP has been and is engaged in one or more of these direct infringing activities related to its manufacture, distribution, support, and sales of devices such as servers that incorporate Micron DRAM Chips.  These infringing devices include, for example and without limitation, HP's X820 blade server and HP Integrity Server BL870c PC server.

38.   The service of this Complaint will provide HP with actual notice of the '504 patent and of Plaintiff's infringement allegations herein.

39.   HP's direct infringement of the '504 patent has injured LMS.  LMS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

40.   Unless it ceases its infringing activities, Defendant HP will continue to injure LMS by directly infringing the '504 patent.

LIMESTONE MEMORY SYSTEMS LLC v. MICRON ET AL.
COMPLAINT FOR PATENT INFRINGEMENT

41.     On information and belief, Defendant HP will continue its infringement notwithstanding its actual knowledge of the '504 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '504 patent.   As such, HP's future acts of infringement will constitute continuing willful infringement of the '504 patent.

42.     Defendant Lenovo, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '504 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating memory devices that embody the invention claimed in the '504 patent, within the United States and within this District.   Lenovo has been and is engaged in one or more of these direct infringing activities related to its manufacture, distribution, support, and sales of devices such as servers and laptop computers that incorporate Micron DRAM Chips.   These infringing devices include, for example and without limitation, Lenovo's System x3550 M5 server and Ideapad Yoga 13 laptop.

43.     The service of this Complaint will provide Lenovo with actual notice of the '504 patent and of Plaintiff's infringement allegations herein.

44.     Lenovo's direct infringement of the '504 patent has injured LMS.   LMS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

45.     Unless it ceases its infringing activities, Defendant Lenovo will continue to injure LMS by directly infringing the '504 patent.

46.     On information and belief, Defendant Lenovo will continue its infringement notwithstanding its actual knowledge of the '504 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '504 patent.   As such, Lenovo's future acts of infringement will constitute continuing willful infringement of the '504 patent.

47.     Defendant OCZ, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '504 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating memory devices that embody the invention claimed in the '504 patent, within the United States and within this District.   OCZ has been and is engaged in one or more of these direct infringing activities related to its manufacture, distribution, support, and sales of devices such as solid state hard drives that incorporate Micron DRAM Chips.   These infringing devices include, for example and without limitation, OCZ's Arc 100 Series Solid State Drive.

48.     The service of this Complaint will provide OCZ with actual notice of the '504 patent and of Plaintiff's infringement allegations herein.

49.     OCZ's direct infringement of the '504 patent has injured LMS.   LMS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

50.     Unless it ceases its infringing activities, Defendant OCZ will continue to injure LMS by directly infringing the '504 patent.

51.     On information and belief, Defendant OCZ will continue its infringement notwithstanding its actual knowledge of the '504 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '504 patent.   As such, OCZ's future acts of infringement will constitute continuing willful infringement of the '504 patent.

52.     Defendant Kingston, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '504 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating memory devices that embody the invention claimed in the '504 patent, within the United States and within this District.   Kingston has been and is engaged in one or more of these direct infringing activities related to its

manufacture, distribution, support, and sales of memory devices that incorporate Micron DRAM Chips.

53.    The service of this Complaint will provide Kingston with actual notice of the '504 patent and of Plaintiff's infringement allegations herein.

54.    Kingston's direct infringement of the '504 patent has injured LMS.  LMS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

55.    Unless it ceases its infringing activities, Defendant Kingston will continue to injure LMS by directly infringing the '504 patent.

56.    On information and belief, Defendant Kingston will continue its infringement notwithstanding its actual knowledge of the '504 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '504 patent.  As such, Kingston's future acts of infringement will constitute continuing willful infringement of the '504 patent.

57.    Defendant Micron's infringing activities share an aggregate of operating facts and are part of the same transaction or series of transactions as the infringing activities of each other Defendant accused under the '504 patent.  Specifically, each infringing device made, used, imported, offered for sale, and/or sold by each such other Defendant incorporates a Micron DRAM Chip made, used, imported, offered for sale, and/or sold by Micron.  Joinder of the Defendants is proper, at least in light of the above facts.

## SECOND CAUSE OF ACTION – INFRINGEMENT OF '441 PATENT

58.    Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 to 57, as if fully set forth herein.

59.    On April 13, 1999, U.S. Patent No. 5,894,441 ("the '441 patent"), entitled "Semiconductor Memory Device With Redundancy Circuit," a copy of which is attached hereto as Exhibit B, was duly and legally issued to the inventor, Shigeyuki Nakazawa.

The '441 patent issued from U.S. patent application Serial Number 09/050,354 filed March 31, 1998.  The inventor assigned all right, title, and interest in the '441 patent to NEC Corporation (hereinafter "NEC").  NEC's right, title, and interest in the '441 patent was subsequently assigned to NEC Electronics Corporation, which further assigned such right, title, and interest to Renesas Electronics Corp. (hereinafter "Renesas").  Most recently, Renesas assigned all right, title, and interest in the '441 patent to Acacia Research Group LLC ("ARG").  The assignment to ARG was made subject only to certain prior non-exclusive license agreements and a limited non-exclusive and non-transferable limited license to Renesas.  Neither the prior licensees nor Renesas possesses any right to sue for or collect past, present and future damages or to seek and obtain injunctive or any other relief for infringement of the '441 patent.

60.   Renesas further granted ARG the right to assign its license rights to a designated affiliate of ARG.  Prior to the commencement of this action, ARG assigned all right, title, and interest in the '441 patent to LMS, its wholly owned designated affiliate, including all of ARG's rights, obligations, interests and liabilities under the assignment agreement with Renesas.  LMS assumed all such rights, obligations, interests and liabilities of ARG under such assignment agreement.  LMS thus possesses the right to sue for or collect past, present and future damages or to seek and obtain injunctive or any other relief for infringement of the '441 patent.

61.   Defendant Micron, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '441 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing memory devices that embody the invention claimed in the '441 patent, within the United States and within this District.  Defendant Micron has been and is engaged in one or more of these direct infringing activities related to the Micron DRAM Chips.

62.     Defendant Micron, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement of the '441 patent by the other Defendants pursuant to 35 U.S.C. § 271(c) at least by one or more of providing, importing, offering for sale and selling its Micron DRAM Chips as a material component of devices covered by the '441 patent and for use by the other Defendants in making, using, selling, offering for sale and/or importing devices covered by the '441 patent.  The Micron DRAM Chips are not a staple articles or commodities of commerce suitable for substantial non-infringing use.

63.     The service of this Complaint will provide Micron with actual notice of the '441 patent and of Plaintiff's infringement allegations, including knowledge that its Micron DRAM Chips are especially made or especially adapted for use in infringing the '441 patent.

64.     Defendant Micron's direct and contributory infringement of the '441 patent has injured LMS.  LMS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

65.     Unless it ceases its infringing activities, Micron will continue to injure LMS by directly infringing and by contributing to the infringement by others of the '441 patent.

66.     On information and belief, Micron will continue infringing, notwithstanding its actual knowledge of the '441 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '441 patent. Defendant Micron's future acts of infringement will constitute continuing willful infringement of the '441 patent.

67.     Defendant Dell, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '441 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating memory devices that embody the invention claimed in the '441 patent, within the United States and within this District.  Dell has been

and is engaged in one or more of these direct infringing activities related to its manufacture, distribution, support, and sales of devices such as servers, personal computers and laptop computers that incorporate Micron DRAM Chips. These infringing devices include, for example and without limitation, Dell's XPS13 and Alienware 17 laptops; Dell Precision T3610, Dell Precision T3610, Dell Precision Tower 7810, Dell Precision T7610, Dell Precision Rack 7910, Dell Precision Rack 7810, Dell Precision Tower 5810, Dell Precision T5610 workstations; PowerEdge M620, PowerEdge M820 blade servers; and PowerEdge R620, PowerEdge R720, PowerEdge R820 rack servers.

68.     The service of this Complaint will provide Dell with actual notice of the '441 patent and of Plaintiff's infringement allegations herein.

69.     Dell's direct infringement of the '441 patent has injured LMS.  LMS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

70.     Unless it ceases its infringing activities, Defendant Dell will continue to injure LMS by directly infringing the '441 patent.

71.     Upon information and belief, Defendant Dell will continue its infringement notwithstanding its actual knowledge of the '441 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '441 patent.  As such, Dell's future acts of infringement will constitute continuing willful infringement of the '441 patent.

72.     Defendant HP, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '441 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating memory devices that embody the invention claimed in the '441 patent, within the United States and within this District.  HP has been and is engaged in one or more of these direct infringing activities related to its manufacture, distribution, support, and sales of devices such as servers that incorporate

1  Micron's DRAM Processors.  These infringing devices include, for example and without

2  limitation, HP's X820 blade server and HP Integrity Server BL870c PC server.

3       73.    The service of this Complaint will provide HP with actual notice of the '441

4  patent and of Plaintiff's infringement allegations herein.

5       74.    HP's direct infringement of the '441 patent has injured LMS.  LMS is

6  entitled to recover damages adequate to compensate for such infringement pursuant to 35

7  U.S.C. § 284.

8       75.    Unless it ceases its infringing activities, Defendant HP will continue to injure

9  LMS by directly infringing the '441 patent.

10       76.    Upon information and belief, Defendant HP will continue its infringement

11  notwithstanding its actual knowledge of the '441 patent and while lacking an objectively

12  reasonable good faith basis to believe that its activities do not infringe any valid claim of

13  the '441 patent.  As such, HP's future acts of infringement will constitute continuing

14  willful infringement of the '441 patent.

15       77.    Defendant Lenovo, directly and/or through its subsidiaries, affiliates, agents,

16  and/or business partners, has in the past and continues to directly infringe the '441 patent

17  pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell

18  and/or importing devices incorporating memory devices that embody the invention

19  claimed in the '441 patent, within the United States and within this District.  Lenovo has

20  been and is engaged in one or more of these direct infringing activities related to its

21  manufacture, distribution, support, and sales of devices such as servers and laptop

22  computers that incorporate Micron DRAM Chips.  These infringing devices include, for

23  example and without limitation, Lenovo's System x3550 M5 server and Ideapad Yoga 13

24  laptop.

25       78.    The service of this Complaint will provide Lenovo with actual notice of the

26  '441 patent and of Plaintiff's infringement allegations herein.

27

28

79. Lenovo's direct infringement of the '441 patent has injured LMS. LMS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

80. Unless it ceases its infringing activities, Defendant Lenovo will continue to injure LMS by directly infringing the '441 patent.

81. On information and belief, Defendant Lenovo will continue its infringement notwithstanding its actual knowledge of the '441 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '441 patent. As such, Lenovo's future acts of infringement will constitute continuing willful infringement of the '441 patent.

82. Defendant OCZ, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '441 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating memory devices that embody the invention claimed in the '441 patent, within the United States and within this District. OCZ has been and is engaged in one or more of these direct infringing activities related to its manufacture, distribution, support, and sales of devices such as solid state hard drives that incorporate Micron DRAM Chips. These infringing devices include, for example and without limitation, OCZ's Arc 100 Series Solid State Drive.

83. The service of this Complaint will provide OCZ with actual notice of the '441 patent and of Plaintiff's infringement allegations herein.

84. OCZ's direct infringement of the '441 patent has injured LMS. LMS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

85. Unless it ceases its infringing activities, Defendant OCZ will continue to injure LMS by directly infringing the '441 patent.

86.     On information and belief, Defendant OCZ will continue its infringement notwithstanding its actual knowledge of the '441 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '441 patent.  As such, OCZ's future acts of infringement will constitute continuing willful infringement of the '441 patent.

87.     Defendant Kingston, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '441 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating memory devices that embody the invention claimed in the '441 patent, within the United States and within this District.  Kingston has been and is engaged in one or more of these direct infringing activities related to its manufacture, distribution, support, and sales of memory devices that incorporate Micron DRAM Chips.

88.     The service of this Complaint will provide Kingston with actual notice of the '441 patent and of Plaintiff's infringement allegations herein.

89.     Kingston's direct infringement of the '441 patent has injured LMS.  LMS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

90.     Unless it ceases its infringing activities, Defendant Kingston will continue to injure LMS by directly infringing the '441 patent.

91.     On information and belief, Defendant Kingston will continue its infringement notwithstanding its actual knowledge of the '441 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '441 patent.  As such, Kingston's future acts of infringement will constitute continuing willful infringement of the '441 patent.

92.     Defendant Micron's infringing activities share an aggregate of operating facts and are part of the same transaction or series of transactions as the infringing

activities of each other Defendant accused under the '441 patent.  Specifically, each infringing device made, used, imported, offered for sale, and/or sold by each such other Defendant incorporates a Micron DRAM Chip made, used, imported, offered for sale, and/or sold by Micron.  Joinder of the Defendants is proper, at least in light of the above facts.

### THIRD CAUSE OF ACTION – INFRINGEMENT OF '260 PATENT

93.     Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 to 92, as if fully set forth herein.

94.     On August 24, 1999, U.S. Patent No. 5,943,260 ("the '260 patent"), entitled "Method For High-Speed Programming Of A Nonvolatile Semiconductor Memory Device," a copy of which is attached hereto as Exhibit C, was duly and legally issued to the inventor, Tsuyoshi Hirakawa.  The '260 patent issued from U.S. patent application Serial Number 09/027,215 filed February 20, 1998.  The inventor assigned all right, title, and interest in the '260 patent to NEC Corporation (hereinafter "NEC"). NEC's right, title, and interest in the '260 patent was subsequently assigned to NEC Electronics Corporation, which further assigned such right, title, and interest to Renesas Electronics Corp. (hereinafter "Renesas").  Most recently, Renesas assigned all right, title, and interest in the '260 patent to Acacia Research Group LLC ("ARG").  The assignment to ARG was made subject only to certain prior non-exclusive license agreements and a limited non-exclusive and non-transferable limited license to Renesas.  Neither the prior licensees nor Renesas possesses any right to sue for or collect past, present and future damages or to seek and obtain injunctive or any other relief for infringement of the '260 patent.

95.     Renesas further granted ARG the right to assign its license rights to a designated affiliate of ARG.  Prior to the commencement of this action, ARG assigned all right, title, and interest in the '260 patent to LMS, its wholly owned designated affiliate, including all of ARG's rights, obligations, interests and liabilities under the assignment agreement with Renesas.   LMS assumed all such rights, obligations, interests and

liabilities of ARG under such assignment agreement.  LMS thus possesses the right to sue for or collect past, present and future damages or to seek and obtain injunctive or any other relief for infringement of the '260 patent.

96.     Defendant Micron, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '260 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing memory devices that embody the invention claimed in the '260 patent, within the United States and within this District.  Defendant Micron has been and is engaged in one or more of these direct infringing activities related to flash memory chips that incorporate multi-level cell ("MLC") and triple-level cell ("TLC") technology (hereinafter the "Micron Flash Chips").

97.     Defendant Micron, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement of the '260 patent by the other Defendants pursuant to 35 U.S.C. § 271(c) at least by one or more of providing, importing, offering for sale and selling its Micron Flash Chips as a material component of devices covered by the '260 patent and for use by the other Defendants in making, using, selling, offering for sale and/or importing devices covered by the '260 patent.  The Micron Flash Chips are not a staple articles or commodities of commerce suitable for substantial non-infringing use.

98.     The service of this Complaint will provide Micron with actual notice of the '260 patent and of Plaintiff's infringement allegations, including knowledge that its Micron Flash Chips are especially made or especially adapted for use in infringing the '260 patent.

99.     Defendant Micron's direct and contributory infringement of the '260 patent has injured LMS.  LMS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

100.   Unless it ceases its infringing activities, Micron will continue to injure LMS by directly infringing and by contributing to the infringement by others of the '260 patent.

101.   On information and belief, Micron will continue infringing, notwithstanding its actual knowledge of the '260 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '260 patent. Defendant Micron's future acts of infringement will constitute continuing willful infringement of the '260 patent.

102.   Defendant Dell, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '260 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating memory devices that embody the invention claimed in the '260 patent, within the United States and within this District.  Dell has been and is engaged in one or more of these direct infringing activities related to its manufacture, distribution, support, and sales of devices such as servers, personal computers and laptop computers that incorporate Micron Flash Chips.  These infringing devices include, for example and without limitation, Dell's Inspiron 14 7437 laptop and Dell Precision Tower 5810, Dell Precision Tower 7810, and Dell Precision Rack 7910 workstations.

103.   The service of this Complaint will provide Dell with actual notice of the '260 patent and of Plaintiff's infringement allegations herein.

104.   Dell's direct infringement of the '260 patent has injured LMS.  LMS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

105.   Unless it ceases its infringing activities, Defendant Dell will continue to injure LMS by directly infringing the '260 patent.

106.   Upon information and belief, Defendant Dell will continue its infringement notwithstanding its actual knowledge of the '260 patent and while lacking an objectively

reasonable good faith basis to believe that its activities do not infringe any valid claim of the '260 patent.  As such, Dell's future acts of infringement will constitute continuing willful infringement of the '260 patent.

107.   Defendant HP, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '260 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating memory devices that embody the invention claimed in the '260 patent, within the United States and within this District.  HP has been and is engaged in one or more of these direct infringing activities related to its manufacture, distribution, support, and sales of devices such as personal computers and laptop computers that incorporate Micron's Flash Processors.  These infringing devices include, for example and without limitation, HP's EliteBook 740 G1 Notebook PC, HP EliteBook 8760w, and HP EliteBook 840 notebooks; HP Z620 and HP Z420 workstations; and Zbook 14 mobile workstation.

108.   The service of this Complaint will provide HP with actual notice of the '260 patent and of Plaintiff's infringement allegations herein.

109.   HP's direct infringement of the '260 patent has injured LMS.  LMS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

110.   Unless it ceases its infringing activities, Defendant HP will continue to injure LMS by directly infringing the '260 patent.

111.   Upon information and belief, Defendant HP will continue its infringement notwithstanding its actual knowledge of the '260 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '260 patent.  As such, HP's future acts of infringement will constitute continuing willful infringement of the '260 patent.

LIMESTONE MEMORY SYSTEMS LLC V. MICRON ET AL.
COMPLAINT FOR PATENT INFRINGEMENT

112.   Defendant Lenovo, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '260 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating memory devices that embody the invention claimed in the '260 patent, within the United States and within this District.  Lenovo has been and is engaged in one or more of these direct infringing activities related to its manufacture, distribution, support, and sales of devices such as laptop computers that incorporate Micron Flash Chips.   These infringing devices include, for example and without limitation, Lenovo's Ideapad Yoga 13 and ThinkPad T430s laptops.

113.   The service of this Complaint will provide Lenovo with actual notice of the '260 patent and of Plaintiff's infringement allegations herein.

114.   Lenovo's direct infringement of the '260 patent has injured LMS.  LMS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

115.   Unless it ceases its infringing activities, Defendant Lenovo will continue to injure LMS by directly infringing the '260 patent.

116.   On information and belief, Defendant Lenovo will continue its infringement notwithstanding its actual knowledge of the '260 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '260 patent.  As such, Lenovo's future acts of infringement will constitute continuing willful infringement of the '260 patent.

117.   Defendant PNY, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '260 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating memory devices that embody the invention claimed in the '260 patent, within the United States and within this District.  PNY has been and is engaged in one or more of these direct infringing activities related to its

manufacture, distribution, support, and sales of devices such as solid state drives that incorporate Micron Flash Chips.  These infringing devices include, for example and without limitation, PNY's XLR8 Solid State Drive.

118.   The service of this Complaint will provide PNY with actual notice of the '260 patent and of Plaintiff's infringement allegations herein.

119.   PNY's direct infringement of the '260 patent has injured LMS.  LMS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

120.   Unless it ceases its infringing activities, Defendant PNY will continue to injure LMS by directly infringing the '260 patent.

121.   On information and belief, Defendant PNY will continue its infringement notwithstanding its actual knowledge of the '260 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '260 patent.  As such, PNY's future acts of infringement will constitute continuing willful infringement of the '260 patent.

122.   Defendant Transcend, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '260 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating memory devices that embody the invention claimed in the '260 patent, within the United States and within this District.  Transcend has been and is engaged in one or more of these direct infringing activities related to its manufacture, distribution, support, and sales of devices such as USB flash drives and solid state drives that incorporate Micron Flash Chips.  These infringing devices include, for example and without limitation, Transcend's Jet Flash 790, Thunderbolt SJM500, SSD370, and MTS800.

123.   The service of this Complaint will provide Transcend with actual notice of the '260 patent and of Plaintiff's infringement allegations herein.

124.   Transcend's direct infringement of the '260 patent has injured LMS.  LMS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

125.   Unless it ceases its infringing activities, Defendant Transcend will continue to injure LMS by directly infringing the '260 patent.

126.   On information and belief, Defendant Transcend will continue its infringement notwithstanding its actual knowledge of the '260 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '260 patent.  As such, Transcend's future acts of infringement will constitute continuing willful infringement of the '260 patent.

127.   Defendant Kingston, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '260 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating memory devices that embody the invention claimed in the '260 patent, within the United States and within this District.  Kingston has been and is engaged in one or more of these direct infringing activities related to its manufacture, distribution, support, and sales of devices such as solid state drives that incorporate Micron Flash Chips.  These infringing devices include, for example and without limitation, Kingston's SSDNow V300 Solid State Drive.

128.   The service of this Complaint will provide Kingston with actual notice of the '260 patent and of Plaintiff's infringement allegations herein.

129.   Kingston's direct infringement of the '260 patent has injured LMS.  LMS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

130.   Unless it ceases its infringing activities, Defendant Kingston will continue to injure LMS by directly infringing the '260 patent.

131.   On information and belief, Defendant Kingston will continue its infringement notwithstanding its actual knowledge of the '260 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '260 patent.  As such, Kingston's future acts of infringement will constitute continuing willful infringement of the '260 patent.

132.   Defendant Acer, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '260 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering to sell and/or importing devices incorporating memory devices that embody the invention claimed in the '260 patent, within the United States and within this District.  Acer has been and is engaged in one or more of these direct infringing activities related to its manufacture, distribution, support, and sales of devices such as laptop computers that incorporate Micron Flash Chips.  These infringing devices include, for example and without limitation, Acer's Aspire S3 laptop.

133.   The service of this Complaint will provide Acer with actual notice of the '260 patent and of Plaintiff's infringement allegations herein.

134.   Acer's direct infringement of the '260 patent has injured LMS.  LMS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

135.   Unless it ceases its infringing activities, Defendant Acer will continue to injure LMS by directly infringing the '260 patent.

136.   On information and belief, Defendant Acer will continue its infringement notwithstanding its actual knowledge of the '260 patent and while lacking an objectively reasonable good faith basis to believe that its activities do not infringe any valid claim of the '260 patent.  As such, Acer's future acts of infringement will constitute continuing willful infringement of the '260 patent.

137.   Defendant Micron's infringing activities share an aggregate of operating facts and are part of the same transaction or series of transactions as the infringing activities of each other Defendant accused under the '260 patent.  Specifically, each infringing device made, used, imported, offered for sale, and/or sold by each such other Defendant incorporates a Micron Flash Chip made, used, imported, offered for sale, and/or sold by Micron.  Joinder of the Defendants is proper, at least in light of the above facts.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for:

1.     Judgment that the '504, 441, and '260 patents are each valid and enforceable;

2.     Judgment that the '504 and '441 patents are infringed by Micron, Lenovo, Dell, HP, OCZ, and Kingston;

3.     Judgment that the '260 patent is infringed by Micron, Dell, Lenovo, HP, PNY, Transcend, Acer, and Kingston;

4.     An award of damages arising out of each Defendant's acts of patent infringement, together with pre-judgment and post-judgment interest;

5.     Judgment that the future damages so adjudged be trebled in accordance with 35 U.S.C. § 284;

6.     An award of Plaintiff LMS's attorneys' fees, costs and expenses incurred in this action in accordance with 35 U.S.C. § 285; and

7.     Such other and further relief as the Court may deem just and proper.

### RESERVATION OF RIGHTS

LMS's investigation is ongoing, and certain material information remains in the sole possession of the Defendants or third parties, which will be obtained via discovery

herein.  LMS expressly reserves the right to amend or supplement the causes of action set forth herein in accordance with Rule 15 of the Federal Rules of Civil Procedure.

Respectfully submitted,

Date:  February 17, 2015                    /s/ Jon A. Birmingham

Jon A. Birmingham (CA SBN 271034)
FITCH, EVEN, TABIN & FLANNERY LLP
21700 Oxnard Street, Suite 1740
Los Angeles, California 91367
Telephone:  (818) 715-7025
Facsimile:  (818) 715-7033
Email: jbirmi@fitcheven.com

**ATTORNEY FOR PLAINTIFF**

1

## JURY DEMAND

2      LMS demands trial by jury of all issues triable of right by a jury.

3

4                                      Respectfully submitted,

5

6  Date:  February 17, 2015            /s/ Jon A. Birmingham

7                                      Jon A. Birmingham (CA SBN 271034)

8                                      FITCH, EVEN, TABIN & FLANNERY LLP
                                       21700 Oxnard Street, Suite 1740
9                                      Los Angeles, California 91367
                                       Telephone:  (818) 715-7025
10                                     Facsimile:  (818) 715-7033
11                                     Email: jbirmi@fitcheven.com

12                                     **ATTORNEY FOR PLAINTIFF**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28